# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 24, 2004

## STATE OF TENNESSEE v. CHERIE MAE PHILLIPS[1]

**Direct Appeal from the Criminal Court for Knox County**
**No. 75036     Richard R. Baumgartner, Judge**

---

**No. E2003-01897-CCA-R3-CD**
**April 8, 2004**

---

The appellant, Cherie Mae Phillips, pled guilty in the Knox County Criminal Court to aggravated assault. Pursuant to the plea agreement, she received a sentence of three years incarceration in the Tennessee Department of Correction. On appeal, the appellant argues that the trial court erred in denying alternative sentencing. Upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Cherie Mae Phillips.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Marsha Mitchell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that on November 11, 2001, the appellant assaulted a woman outside a bar in Knoxville and stabbed her six or seven times. She was indicted by the Knox County Grand Jury on charges of aggravated assault and ultimately pled guilty to that offense. The plea agreement provided that the appellant would receive a three-year sentence, with the trial court to determine the manner of service of the sentence. In May 2002, while on bond for the aggravated assault

---

[1] The indictment also reflects the alias "Cherie Mae Bell."

conviction, the appellant was arrested on drug charges which resulted in her pleading guilty to possession of cocaine with the intent to sell.[2]

On July 18, 2003, a sentencing hearing was held on the aggravated assault conviction. At the hearing, the appellant asked for "enhanced probation." The appellant informed the court that she had made arrangements to join an "inpatient rehab" program should she receive "enhanced probation."

After examining the appellant's presentence report, the trial court noted that the appellant had three prior misdemeanor convictions. Additionally, the court was concerned about the circumstances of the offense and the appellant's reoffending while on bond. Specifically, the trial court stated:

> I think you are a dangerous offender, ma'am. Anybody who would, regardless of the circumstances, stab someone seven times with a knife is considered, in my judgment, to be a dangerous person. . . . I'm just saying that kind of conduct concerns me greatly.
>
> It also concerns me that obviously you have a serious drug problem. Because of the nature of your offenses, we cannot take you on the only program that I think would provide you with any reasonable degree of success from a treatment program because you're a violent offender, and the fact that you picked up this additional charge, your history of drug use, and – the three convictions and the fact that you picked up this last charge while you were on, in fact, bond for the previous charge convinces me that you've earned your right in the penitentiary. Your application for probation is denied.

On appeal, the appellant contests the trial court's ruling.

## II. Analysis

Appellate review of the manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d) (1997). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in her own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (1997 and 2003); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of her sentence. See Tenn. Code Ann. § 40-35-401,

---

[2] For the possession conviction, the appellant received an eight-year sentence which was to be served consecutively to the sentence for aggravated assault.

Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169. As there is no indication from the record that the trial court considered the sentencing principles, we will review the court's determinations purely de novo.

We note that an appellant is eligible for alternative sentencing if the sentence actually imposed is eight years or less. See Tenn. Code Ann. § 40-35-303(a) (1997). Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6).

In the instant case, the record reflects that appellant is a standard Range I offender convicted of a Class C felony; therefore, she is presumed to be a favorable candidate for alternative sentencing. However, this presumption may be rebutted by "evidence to the contrary." State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Zeolia, 928 S.W.2d at 461.

As we earlier noted, one of the considerations in our de novo review is the nature and characteristics of the criminal conduct involved. However, the appellant has failed to include the transcript of the guilty plea hearing in the record for our review. This court has previously noted, "A guilty plea hearing often provides an important occasion for the state to present its proof, and thus, it is the equivalent of a trial and should be made part of the record on appeal in order to comply with [Tennessee Code Annotated section] 40-35-210." State v. Bobby Blair, No. M2002-02376-CCA-R3-CD, 2003 WL 22888924, at *2 (Tenn. Crim. App. at Nashville, Dec. 5, 2003), application for perm. to appeal filed, (Feb. 2, 2004); see also State v. Shatha Lissiter Jones, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3 (Tenn. Crim. App. at Jackson, July 14, 2003). Accordingly, the appellant's "failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full *de novo* review of the sentence under [Tennessee Code Annotated section] 40-35-210(b)." Jones, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3. Regardless,

from the testimony at the sentencing hearing, we conclude that the trial court did not err in denying the appellant any form of alternative sentencing.

First, the trial court noted the appellant's history of three misdemeanor offenses and her history of drug problems. While this history is not overwhelming, it has spanned a number of years. We conclude that this is sufficient criminal history to overcome the presumption in favor of alternative sentencing. See State v. Jesse Tuggle, No. M2002-02426-CCA-R3-CD, 2003 WL 23099750, at *8 (Tenn. Crim. App. at Nashville, Dec. 30, 2003), application for perm. to appeal filed, (Feb. 27, 2004).

Additionally, we note that the trial court refused to grant an alternative sentence because the appellant stabbed the victim seven times. We interpret this ruling as a determination that confinement was necessary to avoid depreciating the seriousness of the offense. This court has previously stated that the nature and circumstances underlying the criminal conduct may alone give rise to the denial of probation. See Tenn. Code Ann. § 40-35-210(b)(4); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). When imposing confinement based upon the seriousness of the offense, the trial court must first determine if "'the circumstances of the offense as committed [are] especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree.'" Zeolia, 928 S.W.2d at 462 (quoting State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995)). We conclude that given the multiple infliction of wounds, the trial court was arguably justified in finding that the offense was especially violent.

Moreover, the trial court remarked that it was troubled by the appellant's commission of a felony while on bond for the instant offense. Implicitly, the trial court determined that the appellant had poor potential for rehabilitation, a valid concern in determining whether to grant alternative sentencing. See Tenn. Code Ann. § 40-35-103(5). Further, our review of the record reveals that the appellant had received a suspended sentence for each of her prior misdemeanor convictions. Notably, for her first misdemeanor conviction, she received diversion, which was later revoked. Regardless of the previous largesse of the court, she has continued to engage in criminal conduct, evidencing that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the appellant. Based upon the foregoing, we conclude that the appellant's continued offending demonstrates that her chances for rehabilitation are poor. See State v. Cindy L. Holder, No. E2000-01191-CCA-R3-CD, 2003 WL 367244, at *5 (Tenn. Crim. App. at Knoxville, Feb. 21, 2003).

### III. Conclusion

Finding no error, the judgment of the trial court is affirmed.

_____
NORMA McGEE OGLE, JUDGE